UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE D. SCHREANE,<br><br>    Petitioner,<br><br>v.<br><br>ANDRE MATEVOUSIAN,<br><br>    Respondent. | Case No. 1:18-cv-00292-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT PETITION FOR WRIT OF HABEAS COURPUS BE DISMISSED FOR LACK OF JURISDICTION<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS<br><br>ECF No. 1<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE<br><br>ORDER DENYING PETITIONER'S MOTION FOR COPIES OF COURT DOCUMENTS<br><br>ECF No. 8 |

    Petitioner Clarence D. Schreane, a federal prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner challenges his sentence, which was enhanced under the Armed Career Criminal Act ("ACCA"), *see* 18 U.S.C. § 924(e), arguing that he is no longer an armed career criminal under the ACCA after the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), and the Sixth Circuit decision in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017). The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which the court may apply in any habeas proceeding. *See* Rules Governing Section 2254 Cases, Rule 1(b); *cf.* 28 U.S.C. § 2243. Because petitioner does not claim actual innocence as required, the court

lacks jurisdiction to consider the petition. The court must therefore dismiss the case.

**I.  Section 2241**

After the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, Section 2241 is now used for challenging the execution of a sentence, and a federal prisoner challenging the legality of his detention must file a petition under Section 2255 in most cases. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Pursuing a petition under Section 2255 entails several restrictions, such as the requirement that the petitioner must first obtain leave from the appropriate court of appeals before filing a successive petition for habeas relief. *See id.* In addition, only the sentencing court has the jurisdiction to consider a Section 2255 petition. *See id*. at 865.

In rare circumstances, however, a federal prisoner challenging the legality of his detention may rely on what is now known as the savings clause of Section 2255 and file a petition under Section 2241, the old habeas provision, by showing that a remedy under Section 2255 is "inadequate or ineffective." *See Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003) (quoting 28 U.S.C. § 2255(e); *Hernandez*, 204 F.3d at 864. The petitioner can show that his remedy under Section 2255 is inadequate or ineffective if he "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006). Failure to satisfy these requirements is a jurisdictional defect. *See Marrero v. Ives*, 682 F.3d 1190, 1194-95 (9th Cir. 2012); *Hernandez*, 204 F.3d at 865.

In the Ninth Circuit, a claim of actual innocence requires a habeas petitioner to show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Marrero*, 682 F.3d at 1193; *see also Bousley v. United States*, 523 U.S. 614, 623 (1998). "'Actual innocence' means factual innocence, not mere legal insufficiency." *Marrero*, 682 F.3d at 1193 (quoting *Bousley*, 523 U.S. at 623). An argument that the petitioner has been erroneously treated as a career offender is a "purely legal claim that has nothing to do with factual innocence," and it is incognizable for the purposes of a Section 2241 petition. *See id.* Although the Ninth Circuit has noted that other circuits have recognized a few exceptions

to the actual innocence requirement, it has not recognized those exceptions. *See id.* at 1194.

This court has not recognized those exceptions either.[1]

Here, petitioner does not claim that he is factually innocent of the crime for which he was convicted. He likewise does not argue that he was factually innocent of his prior convictions that led to his sentence enhancement under the ACCA. His claim is purely legal: that after the intervening change of law in the Sixth Circuit decision in *Stitt*, 860 F.3d 854, which applied the Supreme Court's decision in *Mathis*, 136 S. Ct. 2243, he is no longer an armed career criminal under the ACCA. *See* ECF No. 1 at 8-19; ECF No. 9 at 2-14.[2] Because petitioner does not claim actual innocence, he has not satisfied the requirements to pursue a Section 2241 petition.

Petitioner also cannot succeed on the merits. Petitioner relies on the Sixth Circuit's decision in *Stitt*, 860 F.3d 854, in which the court held that the crime of burglary under the Tennessee Code is not a violent felony under the ACCA. *See* ECF No. 1 at 9. The Supreme Court recently reversed the Sixth Circuit's decision in December 2018, reasoning that the crime of burglary under the challenged provision of the Tennessee Code is a violent felony under the ACCA. *See United States v. Stitt*, 139 S. Ct. 399, 406 (2018).[3]

---

[1] *See Martin v. Warden, USP Atwater*, No. 1:18-cv-1093, 2018 WL 4057274, at *3 (E.D. Cal. Aug. 24, 2018) ("*Marrero* thus appears to foreclose Petitioner's claim of actual innocence for purposes of his ability to bring a § 2241 petition."); *Kizzee v. Matevousian*, No. 1:18-cv-1183, 2018 WL 5310783, at *2 (E.D. Cal. Oct. 25, 2018) ("Petitioner does not assert that he was factually innocent of the crime of which he was convicted but challenges only his sentence based on *Mathis*. The savings clause requires him to prove that he is actually innocent of the crimes for which he was convicted, not that the sentence was erroneously imposed.").

[2] Petitioner raises other issues, such as the argument that murder is not a violent felony, *see* ECF No. 9 at 7-8, but those issues, too, are purely legal, and the court need not address every argument. The ACCA requires only three qualifying prior convictions, 18 U.S.C. § 924(e), and petitioner concedes that he has at least six aggravated burglary convictions from Tennessee, ECF No. 1 at 8-9. Thus, petitioner is an armed career criminal under the ACCA unless he can invalidate his burglary convictions, and his petition turns on his success on invalidating those convictions under *Mathis* and *Stitt*.

[3] A more thorough discussion of the merits requires review of each of petitioner's prior offenses and examination of the applicable statutory text, *see Mathis*, 136 S. Ct. at 2248, which may vary depending on the nature, date, and place of each prior offense. The petition and its exhibit indicate that petitioner has at least six prior convictions of aggravated burglary and an unidentified number of other prior convictions, including robbery and murder, but those

Because petitioner has not satisfied the actual innocence requirement to pursue a Section 2241 petition, his exclusive means to challenge the legality of his detention is a Section 2255 petition, and the case law requires the court to construe the petition here as a Section 2255 petition. *See Marrero*, 682 F.3d at 1192; *Hernandez*, 204 F.3d at 865-66. Because only the sentencing court has jurisdiction to consider a Section 2255 petition, this court lacks jurisdiction over this case. *See Hernandez*, 204 F.3d at 865-66. This court must therefore dismiss the case for lack of jurisdiction.

## II. Certificate of appealability

When a petitioner has not satisfied a requirement to proceed with a Section 2241 petition, and a district court construes the petition as a Section 2255 petition, the petitioner needs a certificate of appealability to appeal. *See* 28 U.S.C. § 2253(c); Ninth Circuit Rule 22-1; *Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir. 2012). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, petitioner plainly does not claim actual innocence. His petition does not present an issue debatable among reasonable jurists. Reasonable jurists also could not conclude that the petition warrants further proceeding. The court should therefore decline to issue a certificate of appealability.

---

documents do not identify the precise date and place of each conviction. *See* ECF No. 1 at 8, 22-23. Petitioner maintains that because six of his aggravated burglary convictions no longer qualify as predicate offenses after the Sixth Circuit's decision in *Stitt*, he must be released immediately. *See id*. at 8-10, 19. Although petitioner's obscure pleading makes the applicable statutory texts difficult to identify, the court need not require amendment to the petition given the other defects in the petition, namely his failure to claim actual innocence and the Supreme Court's recent decision reversing *Stitt*.

### III. Petitioner's motion for copies of court documents

Petitioner moves for copies of court documents, stating that his legal documents were "mishandle[d]" or lost during prison lockdowns. *See* ECF No. 8 at 1. The clerk of court ordinarily charges $0.50 for each page for copies of documents. *See Manago v. Davey*, No. 1:16-cv-399, 2018 WL 888946, at *2 n.1 (E.D. Cal. Feb. 14, 2018). The docket contains a total of 61 pages, so the total charge for petitioner is $30.50. Petitioner may renew his motion for copies of court documents and either pay $30.50 or indicate that he cannot pay that amount, but petitioner's motion for copies of court documents is denied.

### IV. Findings and recommendations

The court should dismiss the case for lack of jurisdiction and decline to issue a certificate of appealability. Under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California, these findings and recommendations are submitted to the United States District Court Judge who will preside over this case. Within fourteen days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

### V. Order

The clerk of court is directed to assign this case to a District Judge who will review these findings and recommendations. Petitioner's motion for copies of court documents, ECF No. 8, is denied.

IT IS SO ORDERED.

Dated:    December 20, 2018

UNITED STATES MAGISTRATE JUDGE

5